# IN THE UNITED STATES
# COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Cebe Farms, Ind., and<br>Joseph Cebe<br>Plaintiffs<br><br>v.<br><br>United States Department of Agriculture,<br><br>Defendant | No. 05-0965C<br>(Judge Bruggink)<br><br>CERTIFICATION IN SUPPORT OF MOTION TO EXTEND DISCOVERY |

STUART A. WILKINS, of full age, by way of a certification in support of plaintiff's application to extend discovery says:

1. I am an Attorney at Law admitted to the United States Court of Federal Claims and I represent the Plaintiff Cebe Farms, Individually and Joseph Cebe (hereinafter collectively "Plaintiffs"). I make this certification in support of Plaintiffs application for an Order extending the discovery dates set forth in the Court's March 20, 2007 Discovery Order. I have spoken with counsel for the defendant Tim McIlmail and he has consented to the relief requested by this Motion.

2. This case was originally instituted by Plaintiffs filing of its complaint on September 2, 2005. On December 14, 2005 defendant filed its Notice of Appearance and on December 20, 2005, defendant filed a Motion for an extension of time. On December 20, 2005 Defendants Motion was granted and on January 31, 2006 defendant filed its answer.

3. Thereafter, the parties exchanged their Initial Disclosures. Up until approximately February 23, 2007 Plaintiffs were initially represented by James A. Moody. For reasons plaintiff does not entirely understand to this date, Mr. Moody became unresponsive to his obligations to plaintiff and to the court. Apparently he was suffering form some personal issues and became unresponsive to his client, his adversary and the Court. On January 12, 2007 the Court filed an Order to Show Cause why Plaintiffs claims should not be dismissed.

4. Thereafter the Show Cause Order was vacated with the understanding that I would substitute as counsel on behalf of Plaintiffs, which substitution of Counsel Motion was filed with the Court on February 23, 2007. Such Motion was granted on consent of the parties that same date.

5. On March 20, 2007 the Court entered a Discovery Scheduling Order (attached Exhibit "A") which called for, in part, that certain experts be designated by certain dates which have recently passed, and others dates which are very soon scheduled to expire. The parties now desire, on consent, to extend these dates as well as some of the other deadlines contained in the Order.

7. The parties are not trying to delay the proceedings and have not been dilatory in trying to complete discovery. Since the entering of the Court's previous March 20, 2007 discovery Order plaintiff has served extensive answers to defendants written discovery demands including answering extensive interrogatories. The parties have likewise been attempting to schedule the depositions of numerous government witnesses, who are apparently located throughout the US.

8. Plaintiffs many months ago identified the witnesses whose depositions are sought and conveyed this information to defendants counsel, Tim McIlmail. I have been told by Mr.

McIlmail that he has attempted over the past several months to locate and speak with these witnesses to coordinate their depositions. We had previously agreed that in order to keep the expenses to a minimum we would try to take the depositions of these various witnesses located throughout the country in one convenient place at one time, rather than fly across the USA on a piecemeal basis. While we recognized that we would likely not be able to do this for each and every witness, the goal was to do this with as many witnesses as possible with the belief that this would be the most cost effective and time efficient manner to conduct same.

9. We have been able to collectively coordinate the depositions of many of these witnesses, which depositions are now scheduled in late October, 2007. We have agreed to conduct these depositions in Washington, D.C., close to Mr. McIlmail's offices.

10. Since the entering of the Court's previous Discovery Order it has come to the parties attention that the designation of both Plaintiffs and Defendants expert(s) is something that is likely more appropriate after the taking of certain depositions. Plaintiffs believe that the designation of such experts and the rendering of their reports before the taking of certain depositions would likely be premature. Both parties now agree that these required designations should be extended until after such time that the scheduled depositions are taken in October, 2007.

11. The parties have agreed, with the Court's permission, to extend the dates contained in the current as follows. This would mean that the parties would engage in written discovery and the discovery of fact witnesses through January 19, 2008 (the current deadline is October 19, 2007); Plaintiff would be required to identify its expert witnesses, on or before November 23, 2007 (the current deadline was July 20, 2007); Plaintiff would submit to defendant all expert reports on or before January 11, 2008 (the current deadline was August 17,

2007); defendant would be required to identify its expert witnesses, on or before January 11, 2008 (the current deadline is September 14, 2007); defendant would be required to submit to plaintiff all expert reports on or before March 14, 2008 (the current deadline is November 16, 2007); and all expert discovery would conclude on or before March 28, 2007 (the current deadline is December 14, 2007).

12. The reason for the delays in the taking and scheduling of depositions was due to summer vacations and the difficulty in defendants locating and coordinating depositions of many different individuals across the country. We initially thought that the process would not turn out as difficult and time consuming as it ultimately did.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 14, 2007

______________________________

Stuart A. Wilkins
Law Offices of Stuart A. Wilkins, P.C.

# In the United States Court of Federal Claims

No. 05-965C
(Filed: March 20, 2007)

* * * * * * * * * * * * * * * * * * * * * * * *

CEBE FARMS, IND, and JOSEPH CEBE

*Plaintiffs,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Based on the telephonic status conference held on March 12, 2007, the court adopts the following schedule for the remaining discovery:

1. The parties shall engage in written discovery and the discovery of facts witnesses through October 19, 2007.

2. Plaintiffs shall identify their expert witness(es), if any, on or before July 20, 2007, at which time expert discovery shall commence.

3. Plaintiffs shall submit to defendant all expert reports in the manner and form required by Rule 26(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") on or before August 17, 2007.

4. The defendant shall identify its expert witness(es) on or before September 14, 2007.

5. Defendant shall submit to plaintiffs all expert report(s) in the manner and form required by RCFC 26(a)(2) on or before November 16, 2007.

6. All expert discovery shall conclude on or before December 14, 2007.

The court will schedule a telephonic status conference for early July 2007 to check on the progress of discovery and to discuss future proceedings in the case.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge