# IN THE UNITED STATES
# COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Cebe Farms, Ind., and<br>Joseph Cebe<br>Plaintiffs<br><br>v.<br><br>United States Department of Agriculture,<br><br>Defendant | No. 05-0965C<br>(Judge Margaret M. Sweeney)<br><br>CERTIFICATION IN SUPPORT OF EXPEDITED MOTION TO EXTEND DISCOVERY |

STUART A. WILKINS, of full age, by way of a certification in support of plaintiff's application to extend discovery says:

1. I am an Attorney at Law admitted to the United States Court of Federal Claims and I represent the Plaintiff Cebe Farms, Individually and Joseph Cebe (hereinafter collectively "Plaintiffs"). I make this certification in support of Plaintiffs application for an Order extending the discovery dates set forth in the Court's October 10, 2007, Discovery Order by an additional thirty (30) to sixty (60) days. I have spoken with counsel for the defendant Tim McIlmail and he has consented to extending discovery an additional 30 days in order to complete the deposition of several of Defendant witnesses, which witnesses have already been noticed for a deposition by Plaintiff. After filing an earlier Motion seeking this same relief the Court has Ordered that Plaintiff submit proposed dates to complete such requested discovery on or before January 25, 2008. This Motion will both incorporate the previously filed Motion and include proposed dates

(see paragraph 14 below) to complete discovery. The format of the proposed new dates is taken from the form of the most recent discovery Order of Judge Bruggink dated October 10, 2007.

2. This case was originally instituted by Plaintiffs filing of its complaint on September 2, 2005. On December 14, 2005 defendant filed its Notice of Appearance and on December 20, 2005, defendant filed a Motion for an extension of time. On December 20, 2005 Defendants Motion was granted and on January 31, 2006 defendant filed its answer.

3. Thereafter, the parties exchanged their Initial Disclosures. Up until approximately February 23, 2007 Plaintiffs were initially represented by James A. Moody. For reasons plaintiff does not entirely understand to this date, Mr. Moody became unresponsive to his obligations to plaintiff and to the court. Apparently he was suffering form some personal issues and became unresponsive to his client, his adversary and the Court. On January 12, 2007 the Court filed an Order to Show Cause why Plaintiffs claims should not be dismissed.

4. Thereafter the Show Cause Order was vacated with the understanding that I would substitute as counsel on behalf of Plaintiffs, which substitution of Counsel Motion was filed with the Court on February 23, 2007. Such Motion was granted on consent of the parties that same date. It was only after this substitution and the removal of Mr. Moody as counsel for Plaintiff that discovery could begin in earnest.

5. The net effect of Mr. Moody's failure to prosecute the action and having to replace him was that little if any discovery was exchanged for about one year. Moreover there were a number of logisitical impediments in the parties ability to complete discovery as the Plaintiff and most of its main witnesses are located in San Diego, California, their current counsel is located in New Jersey, counsel for the Defendant is located in Washington, D.C., and

defendant's witnesses are located throughout the USA such as Missouri, Washington, D.C. Colorado, etc.

6. As such, on September 14, 2007 Plaintiff filed a Motion to extend certain discovery deadlines. That Motion was granted by Order of Judge Bruggink on October 10, 2007. On October 26, 2007 the Court on its own initiative transferred this case from Judge Eric G. Bruggink to Judge Margaret M. Sweeney

7. Since that time the parties have engaged in additional discovery including Defendant serving and Plaintiff answering Defendants Second and Third Set of Interrogatories and First Requests for Admissions. Moreover, Defendant served a 30 (b) (6) deposition notice and Plaintiff produced witness Thanasi Preovolous for a deposition in Washington D.C. (Mr. Preovolous is a San Diego, California resident and attorney who was involved in the underlying transaction in dispute and who flew in from California for the convenience of all concerned.)

8. Plaintiff has noticed the deposition of six (6) to eight of Defendant's witnesses for depositions and has served 2 different sets of interrogatories on Defendant. Plaintiff has recently taken the depositions of 2 witnesses (Stephen Ott from Colorado and Robert Gray from Missouri) and is scheduled to take the depositions of 2 additional witnesses (Rick Herndon from Washington, D.C. and Jack Schere) on Friday January 18, 2008. Two other witnesses have been noticed but due to scheduling conflicts needed to be rescheduled.

9. As is the case in many matters such as this, the taking of depositions often leads to the requirement to take yet additional depositions. Moreover Plaintiff has noticed two (2) Fed Rules Civ. Pro. 30 (b) (6) witnesses to appear on behalf of the defendant, one of which has been objected to by the defendant. Plaintiff and defendant's counsel has been attempting to amicably resolve these disputes concerning these noticed witnesses without court intervention..

10. Moreover, defendant has objected to Plaintiff initial interrogatories on the basis that the number of interrogatories served exceeded the amount permitted by the Rules of Court. Thereafter, Plaintiff voluntarily revised its interrogatories yet Defendant objected to the interrogatories as being untimely. The parties are likewise attempting to resolve these disagreements without court intervention and the granting of this Motion would possibly resolve some of those discovery differences. Ebven though defendant did not file any Motion to quash either set of interrogatories.

11. An additional thirty (30) to sixty (60) day extension to each of the days currently set forth in the Court's existing Discovery Ordr will not prejudice either party and will enable the parties to complete discovery. While Plaintiff concedes that the matter has now been pending for more than 2 years, as noted above through neither fault of plaintiff or defendant more than a years worth of the proceedings was largely lost when plaintiff's former counsel inexplicably disappeared.

12. The parties are not trying to delay the proceedings and have not been dilatory in trying to complete discovery. This Motion is not being submitted for the purpose of delay.

13. As noted in plaintiff's previous motion to extend the discovery end date, the designation of both Plaintiffs and Defendants expert(s) is something that is more appropriately arrived at after the completion of depositions of fact witnesses. This is especially true in this case where Plaintiff is only now, after the taking of a few witnesses' depositions ascertaining the true nature of Defendant's defense. Plaintiff submits that designation of such experts and the rendering of their reports before the taking of depositions is thus premature.

14. **Proposed new discovery dates:**

(i) The parties shall engage in written discovery and the discovery of fact witnesses through March 25, 2008.

(ii) Plaintiffs shall designate their expert witness(es) on or before February 25, 2008.

(iii) Plaintiffs shall submit to defendant all expert reports in the manner and form required by Rule 26 (a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") on or before March 11, 2008.

(iv) The defendant shall designate (to the extent that it has not already done so), any additional expert witness(es) on or before March 11, 2008.

(v) Defendant shall submit to plaintiffs its expert report(s) in the manner and form required by RCFC 26 (a) (2) on or before May 15, 2008.

(vi) All expert discovery shall conclude on or before May 30, 2008.

(vii) The court will schedule a telephonic status conference after the close of expert discovery to discuss further proceedings in this case.

15. As noted above, defendant does not object to the extension of time to complete depositions.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Stuart A. Wilkins
Law Offices of Stuart A. Wilkins, P.C.

Dated: January 25, 2007