IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CEBE FARMS, IND., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-965C |
| | ) | (Judge Sweeney) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JUDGMENT UPON THE PLEADINGS

INTRODUCTION

Pursuant to Rule 12(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court enter judgment upon the pleadings in favor of the United States, for failure of the complaint to state a claim upon which relief may be granted.

QUESTIONS PRESENTED

1. Whether plaintiffs' first two causes of action state claims upon which relief may be granted, where plaintiffs allege breaches of contracts with the Government without alleging facts which, if proven, would establish that they contracted with a Government representative with authority to bind the Government in contract.

2. Whether plaintiffs' third cause of action states a claim upon which relief may be granted, where plaintiffs challenge the amount of compensation paid to them by the Department of Agriculture pursuant to a statute providing that the determination by the Secretary of Agriculture of the amount to be paid is not subject to judicial review.

3. Whether plaintiffs' fourth cause of action states a claim upon which relief may be granted, where plaintiffs seek compensation pursuant to the Takings Clause of the Fifth Amendment to the United States Constitution for the destruction of chickens and eggs that the Government determined were diseased.

## STATEMENT OF THE CASE

### I. Nature Of The Case

This case involves the destruction by the Government of plaintiffs' chickens and eggs. Complaint ("Compl.") ¶ 1.

### II. Statement Of The Facts

In 2003, the United States Department of Agriculture determined that plaintiffs' chickens and eggs were infected with Exotic Newcastle Disease (see id. ¶¶ 15, 22, 24), and destroyed those chicken and eggs (id. ¶ 44). The Government acted pursuant to the Animal Health Protection Act, 7 U.S.C. § 8301-8317, and

implementing regulations promulgated at 9 C.F.R. Part 53. See id. ¶¶ 3, 5, 43, 65.[1] Several Government representatives worked with plaintiffs to accomplish the destruction of plaintiffs' chickens and eggs. Id. ¶¶ 25-26, 39.

Section 8306(d)(1) of title 7, United States Code, provides that the Secretary of Agriculture shall compensate the owner of any animal that the Secretary requires to be destroyed. Section 8306(d)(2)(A) requires that the compensation be based upon the fair market value of the destroyed animal, as determined by the Secretary. See also 9 C.F.R. § 53.3(b). Section 8306(d)(2)(C) provides that "[t]he determination by the Secretary of the amount to be paid under this subsection shall be final and not subject to judicial review . . . ."

The Government ultimately determined that the appropriate amount of compensation for plaintiffs was $1,768,614.40 and $54,502.53, for a total of $1,823,116.93. Compl. ¶¶ 51, 54, 63[2]; see id. ¶ 63. The Government has paid plaintiffs that amount. Id. ¶ 63.

---

[1] Plaintiffs erroneously refer to 7 U.S.C. §§ 8301 and 8306(a) as §§ 8201 and 8206(a). See id. ¶ 5.

[2] Plaintiffs' recitation of the addends $1,768,614.40 and $54,502.53 includes typographical errors: in each figure, plaintiffs misuse either a period or a comma. Id. ¶¶ 51, 54, 69.

## ARGUMENT

I. Standard Of Review

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed, but within such time as not to delay the trial." RCFC 12(c). A defense of failure to state a claim upon which relief may be granted may be made by motion for judgment on the pleadings. Id.

The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss. Peterson v. United States, 68 Fed. Cl. 773, 776 (2005). In considering a motion to dismiss, the Court must accept as true all of plaintiffs' well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiffs' favor. Id. at 775 (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). In order to state a claim upon which relief may be granted, factual allegations in a complaint must be sufficient to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

II. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' First Two Causes of Action Because Those Breach Of Contract Causes Of Action Do Not Allege That Plaintiffs Contracted With Government Representatives With Authority To Bind The Government In Contract

The Court should enter judgment in favor of the United States upon plaintiffs' first two causes of action because those breach of contract causes of action do not allege that plaintiffs contracted with Government representatives with authority to bind the Government. Those causes of action, therefore, do not state claims upon which relief may be granted.

Where a plaintiff asserts a claim based upon an alleged contract with the United States, the plaintiff must allege facts which, if proven, would establish that it contracted with a Government representative with authority to bind the Government in contract. See Penn. Dep't of Public Welfare v. United States, 48 Fed. Cl. 785, 788 (2001); see also City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990) ("When the United States is a party, a fourth requirement is added [to the findings required for an implied-in-fact contract]: the Government representative 'whose conduct is relied upon must have actual authority to bind the government in contract.'").

Here, plaintiffs' first two causes of action allege breaches of contracts with the United States. Compl. at 26. Although plaintiffs allege that certain

Government representatives agreed to certain terms (see id. ¶¶ 28, 29, 38, 61, 63), nowhere in their complaint do plaintiffs allege facts which, if proven, would establish that they contracted with any Government representatives with authority to bind the Government in contract. Indeed, plaintiffs do not even make the bare allegation that they contracted with a Government representative with authority to bind the Government in contract. Because they fail to do so, the Court should should enter judgment in favor of the United States upon plaintiffs' First Cause Of Action and Second Cause Of Action.

## III. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' Third Cause of Action Because The Government's Determination Of The Amount To Be Paid To Plaintiffs Is Not Subject To Judicial Review

The Court should enter judgment in favor of the United States upon plaintiffs' third cause of action because the Government's determination of the amount to be paid to plaintiffs is not subject to judicial review. That cause of action, therefore, does not state a claim upon which relief may be granted.

In their third cause of action, plaintiffs challenge the amount of compensation paid to them by the Department of Agriculture pursuant to 9 C.F.R. Part 53. See Compl. at 27. The Government determined that the amount of compensation to be paid plaintiffs was $1,823,116.93. Compl. ¶ 51, 54; see id. ¶ 63. However, 7 U.S.C. § 8306(d)(2)(C) provides that "[t]he determination by the

Secretary of the amount to be paid under this subsection shall be final and not subject to judicial review . . . ." That means that the Government's determination of the amount to be paid to the owners of destroyed animals is not subject to review by this Court. See 7 U.S.C. § 8306(d)(2)(C).

Here, the Government, acting pursuant to 7 U.S.C. § 8306(d), determined that the appropriate amount of compensation for plaintiffs was $1,823,116.93. Compl. ¶¶ 43, 51, 54, 63, 69; see id. ¶¶ 3, 5. Because the Government's determination of the amount to be paid to plaintiffs is not subject to judicial review, plaintiffs third cause of action fails to state a claim upon which relief may be granted. The Court should, therefore, enter judgment in favor of the United States upon plaintiffs' Third Cause Of Action.

IV. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' Fourth Cause of Action Because The Government Determined That Plaintiffs' Chickens And Eggs Were Diseased And, Therefore, The Government Does Not Owe Any Compensation Pursuant To The Fifth Amendment's Takings Clause

The Court should enter judgment in favor of the United States upon plaintiffs' fourth cause of action because the Government determined that plaintiffs' chickens and eggs were diseased; the Government, therefore, does not owe any compensation pursuant to the Fifth Amendment's Takings Clause.

Consequently, plaintiffs' fourth cause of action does not state a claim upon which relief may be granted.

In their fourth cause of action, plaintiffs seek compensation pursuant to the Takings Clause of the Fifth Amendment to the United States Constitution for the destruction of their chickens and eggs. Compl. at 27-28. However, when acting pursuant its police power, the Government's destruction of diseased animals requires no compensation pursuant to the Takings Clause. See Wright v. United States, 14 Cl. Ct. 819, 824 (1988) (citing Miller v. Schoene, 276 U.S. 272, 279-80 (1928)). Diseased animals are a "public nuisance"; their destruction does not require compensation pursuant to the Takings Clause. See id.; accord, Loftin v. United States, 6 Cl. Ct. 596, 612 (1984), aff'd, 765 F.2d 1117 (Fed. Cir. 1985); cf. Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994) (holding, for purposes of "regulatory" takings analysis, that "[i]f the regulation prevents what would or legally could have been a nuisance, then no taking occurred.").

Here, the Government destroyed plaintiffs' chickens and eggs pursuant to its statutory and regulatory police power, after determining that they were diseased. See Compl. ¶¶ 2-3, 5, 24, 43-44. Because plaintiffs' chickens and eggs were determined to have been diseased, the Takings Clause does not require compensation pursuant to the Fifth Amendment. Therefore, plaintiffs fail to state

a claim upon which relief pursuant to the Fifth Amendment's Takings Clause may be granted. The Court should, therefore, enter judgment in favor of the United States upon plaintiffs' Fourth Cause Of Action.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment upon the pleadings in favor of the United States.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965
Attorneys for Defendant

OF COUNSEL:

RICK HERNDON
United States Department of Agriculture
Office of General Counsel
1400 Independence Ave., S.W.
Washington, D.C. 20250

February 6, 2008

Certificate of Filing

I hereby certify that on February 6, 2008, a copy of the foregoing Defendant's Motion for Judgment upon the Pleadings was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail