# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Cebe Farms, Ind., and
Joseph Cebe
Plaintiffs

v.

United States Department of Agriculture,

Defendant

No. 05-0965C
(Judge Margaret M. Sweeney)

CERTIFICATION IN SUPPORT OF EXPEDITED MOTION TO EXTEND DISCOVERY

STUART A. WILKINS, of full age, by way of a certification in support of plaintiff's application to extend discovery says:

1. I am an Attorney at Law admitted to the United States Court of Federal Claims and I represent the Plaintiff Cebe Farms, Individually and Joseph Cebe (hereinafter collectively "Plaintiffs"). I make this certification in support of Plaintiffs application for an Order extending the current discovery dates set forth in the Court's current Discovery Order by an additional sixty (60) days. I have spoken with counsel for the defendant Tim McIlmail and he has consented to extending discovery for the purpose of taking additional depositions of Defendant's witnesses that Plaintiff had noticed. Such witnesses, though noticed within the time periods of the current Discovery End dates could not be produced as Mr. McIlmail and/or the witnesses sought were unavailable. Mr. McIlmail and I have agreed to reschedule these final witnesses depositions as soon as possible so that the parties can finally finish discovery.

2. This case was originally instituted by Plaintiffs filing of its complaint on September 2, 2005. There have been several prior extensions of discovery granted though the parties have continually moved forward in trying to complete discovery. Depositions of four (4) witnesses have already been conducted and the parties have engaged in other discovery inclusive of Defendant serving and Plaintiff answering Defendants First, Second and Third Set of Interrogatories and First Requests for Admissions.

3. I will note that when I originally spoke with Mr. McIlmail he suggested that we just extend discovery sixty (60) days for the purposes of taking depositions only. However, in retrospect as it is typically the case the taking of depositions often leads to additional follow up discovery. So the record is clear Mr. McIlmail has suggested and consented to the extension of the discovery end date for the purpose of taking depositions which had previously been noticed. However, such limitation may not be fair to plaintiff in that one of the witnesses noticed is no longer under the control of the Defendant and may need to be subpoenaed. Moreover, Such depositions may very well lead to additional discovery being sought. Plaintiff believes that all discovery can be completed with what will hopefully be a last extension to complete discovery.

4. An additional thirty (30) to sixty (60) day extension to each of the days currently set forth in the Court's existing Discovery Order will not prejudice either party and will enable the parties to complete discovery. Neither party has intentionally delayed discovery for improper purposes nor have the parties have been dilatory in trying to complete discovery. This Motion is not being submitted for the purpose of delay.

5. As noted in plaintiff's previous motion to extend the discovery end date, the completion of Plaintiffs and Defendants expert(s) reports is something that is more appropriately arrived at after the completion of depositions of fact witnesses. This is especially true in this case

where Plaintiff is only now, after the taking of a few witnesses' depositions ascertaining the true nature of Defendant's defense. Both Plaintiff and Defendant have already designated expert witnesses. Plaintiff submits that designation of such experts and the rendering of their reports before the taking of depositions may be premature.

6. **Proposed new discovery dates:**

(i) The parties shall engage in written discovery and the discovery of fact witnesses through May 25, 2008.

(ii) Plaintiffs shall submit to defendant all expert reports in the manner and form required by Rule 26 (a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") on or before April 11, 2008.

(iii) The defendant shall designate (to the extent that it has not already done so), any additional expert witness(es) on or before April 11, 2008.

(iv) Defendant shall submit to plaintiffs its expert report(s) in the manner and form required by RCFC 26 (a) (2) on or before June 15, 2008.

(v) All expert discovery shall conclude on or before June 30, 2008.

(vi) The court will schedule a telephonic status conference after the close of expert discovery to discuss further proceedings in this case.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Stuart A. Wilkins
Law Offices of Stuart A. Wilkins, P.C.

Dated: March 24, 2008