IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CEBE FARMS, IND., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-965C |
| | ) | (Judge Sweeney) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR JUDGMENT UPON THE PLEADINGS

INTRODUCTION

Defendant, the United States, respectfully replies to the response of plaintiffs to the Government's motion for judgment upon the pleadings in favor of the United States for failure of the complaint to state a claim upon which relief may be granted. Plaintiffs' response does not refute the demonstration in our motion that the Court should enter judgment in favor of the United States.

This action involves the determination by the Government that plaintiffs' chickens and eggs were diseased, the destruction of those chickens and eggs, and the determination by the Government to compensate plaintiffs in the amount of $1,823,116.93 pursuant to 7 U.S.C. § 8306(d). Although the Government has paid plaintiffs that amount, and although that determination is not subject to judicial review, plaintiffs seek millions of dollars more, including pursuant to contract and

takings theories. The Court should enter judgment in favor of the Government upon all plaintiffs' theories, because they fail to state a claim upon which relief may be granted.

## ARGUMENT

### I. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' First Two Causes of Action Because Those Breach Of Contract Causes Of Action Do Not Allege That Plaintiffs Contracted With Government Representatives With Authority To Bind The Government In Contract

In our motion for judgment upon the pleadings, we demonstrated that the Court should enter judgment in favor of the United States upon plaintiffs' first two causes of action for failure to state claims upon which relief may be granted because those breach of contract causes of action do not allege that plaintiffs contracted with Government representatives with authority to bind the Government. Plaintiffs do not refute that demonstration; indeed, at page 17 of their response, they effectively concede the point. In addition, at page 19 of their response, plaintiffs argue that the facts they allege "support that the government representatives who agreed with them had the express and/or implied authority to bind the Defendant," but fail to identify where in the complaint they allege that any specific Government representative possessed such authority, either expressly or because the representative's duties required the ability to contract. In fact, not

only does plaintiffs' complaint fail to allege that any specific Government representative possessed authority to bind the Government, the complaint fails even to address the issue of authority. Even in its response to our motion, plaintiffs fail to identify any specific Government representative whom they believe possessed the authority to bind the United States to the contracts that it alleges the Government breached.

Plaintiffs argue that, if necessary, they should be allowed to amend their complaint. We would not oppose a motion to amend the complaint to include allegations that specifically-identified Government representatives with whom plaintiffs entered into agreements possessed the authority to bind the United States. However, the first two causes of action now pending include no such allegations and, therefore, fail to state claims upon which relief can be granted. Therefore, the Court should enter judgment for the United States upon those first two causes of action. Cf. Penn. Dep't of Public Welfare v. United States, 48 Fed. Cl. 785, 792 (2001) (dismissing for failure to state a claim upon which relief can be granted complaint that failed to allege facts, which, if proven, would allow the Court to find that a government representative had the actual authority to enter into contracts upon behalf of the Government).

## II. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' Third Cause of Action Because The Government's Determination Of The Amount To Be Paid To Plaintiffs Is Not Subject To Judicial Review

In our motion of judgment upon the pleadings, we demonstrated that the Court should enter judgment in favor of the United States upon plaintiffs' third cause of action for failure to state a claim upon which relief may be granted because the Government's determination of the amount to be paid to plaintiffs is not subject to judicial review. In response, plaintiffs argue that they are not challenging the Government's determination of the amount to be paid to plaintiffs for their chickens and eggs, but are suing for "enforcement" of an appraiser's determination as to what amount the Government should pay to plaintiffs. That argument, however, misses the point.

The Government determined that the appropriate amount of compensation for plaintiffs for their chickens and eggs was $1,768,614.40 and $54,502.53, for a total of $1,823,116.93. Complaint ("Compl.") ¶¶ 51, 54, 63. The Government made that determination pursuant to the Animal Health Protection Act, 7 U.S.C. § 8301-8317, and implementing regulations promulgated at 9 C.F.R. Part 53. See id. ¶¶ 3, 5, 43, 65.[1] The Government has paid plaintiffs that amount. Id. ¶ 63.

---

[1] In their complaint, plaintiffs erroneously refer to 7 U.S.C. §§ 8301 and 8306(a) as §§ 8201 and 8206(a). See id. ¶ 5.

The Government arrived at that amount after rejecting an alternative determination of an appraiser that it had hired. See Compl. ¶¶ 36-37. Plaintiffs request that the Court award the amount determined by the appraiser, minus the $1,823,116.93 amount that the Government determined should be paid. See id. at 29 ¶ B.

Plaintiffs, however, point to nothing in the Animal Health Protection Act or 9 C.F.R. Part 53 that would allow a court to "enforce" the results of an appraisal that the Government did not adopt. Indeed, asking the Court to "enforce" a determination other than that adopted by the Government pursuant to 7 U.S.C. § 8306(d) is the same as asking the Court to review the Government's determination; it is a challenge to the Government's determination that is based upon an alternative determination. The Court could not "enforce" an alternative determination without first reviewing the Government's determination.

Pursuant to 7 U.S.C. § 8306(d)(2)(C), however, "[t]he determination by the Secretary of the amount to be paid under this subsection shall be final and not subject to judicial review . . . ." Although plaintiffs appear to question the validity of section 8306(d)(2)(C), the United States Court of Claims, in holding that a "fair market value" determination pursuant to the statutory predecessor to section 8306(d) was subject to judicial review, stated that "it is important that there is no explicit provision in the statute (or the regulations) precluding further

review, or making the administrative determination final, conclusive, or binding." Julius Goldman's Egg City v. United States, 556 F.2d 1096, 1099 (Ct. Cl. 1977). By contrast, section 8306(d)(2)(C) specifically makes the Government's section 8306(d) determination "final and not subject to judicial review."

Plaintiffs provide no valid reason for the Court to ignore Congress' prohibition upon judicial review of the Government's compensation determination in this action. Consequently, plaintiffs' third cause of action fails to state a claim upon which relief may be granted, and the Court should enter judgment in favor of the United States upon that cause of action.

## III. The Court Should Enter Judgment In Favor Of The United States Upon Plaintiffs' Fourth Cause of Action Because The Government Determined That Plaintiffs' Chickens And Eggs Were Diseased And, Therefore, The Government Does Not Owe Any Compensation Pursuant To The Fifth Amendment's Takings Clause

In our motion for judgment upon the pleadings, the Government demonstrated that the Court should enter judgment in favor of the United States upon plaintiffs' fourth cause of action for failure to state a claim upon which relief may be granted because the Government determined that plaintiffs' chickens and eggs were diseased and, therefore, did not owe any compensation pursuant to the Fifth Amendment's Takings Clause. Plaintiffs respond by questioning whether the chickens and eggs were, in fact, diseased.

However, the Court's jurisdiction to entertain a constitutional taking presumes the validity of the Government action. Biddulph v. United States, 74 Fed. Cl. 765, 768 (2006) (citing Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006)). Plaintiffs allege that the Government claimed that their flock was infected (Compl. ¶ 24); plaintiffs, therefore, must accept that claim as valid in order to maintain any takings claim. See id. However, accepting the validity of the Government's claim that the flock was infected requires accepting that the flock was diseased. It follows that plaintiffs' fourth cause of action does not state a claim upon which relief may be granted pursuant to the Takings Clause because the Government's destruction of diseased animals requires no compensation pursuant to the Takings Clause. See Wright v. United States, 14 Cl. Ct. 819, 824 (1988) (citing Miller v. Schoene, 276 U.S. 272, 279-80 (1928)); accord, Loftin v. United States, 6 Cl. Ct. 596, 611-12 (1984), aff'd, 765 F.2d 1117 (Fed. Cir. 1985); cf. Creppel v. United States, 41 F.3d 627, 631 (Fed. Cir. 1994) (holding, for purposes of "regulatory" takings analysis, that "[i]f the regulation prevents what would or legally could have been a nuisance, then no taking occurred."). Consequently, the Court should enter judgment in favor of the United States upon plaintiffs' Fourth Cause Of Action.

CONCLUSION

For the foregoing reasons and those set forth in our motion for judgment upon the pleadings, the Court should enter judgment upon the pleadings in favor of the United States.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

Attorneys for Defendant

OF COUNSEL:

RICK HERNDON
United States Department of Agriculture
Office of General Counsel
1400 Independence Ave., S.W.
Washington, D.C. 20250

May 6, 2008

Certificate of Filing

I hereby certify that on May 6, 2008, a copy of the foregoing Defendant's Reply To Plaintiff's Response To Defendant's Motion For Judgment Upon The Pleadings was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail