# In the United States Court of Federal Claims

No. 05-965 C
(Filed: January 31, 2012)

```
*************************************
CEBE FARMS, IND., and           *
JOSEPH CEBE,                    *
                                *
            Plaintiffs,         *
                                *
v.                              *
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
*************************************
```

**ORDER**

      In its January 31, 2012 ruling, the court denied defendant's motion for judgment on the pleadings with respect to plaintiffs' first cause of action.  The court determined that the allegations set forth in the amended complaint raise a right to relief beyond the speculative level.  Plaintiffs also requested an opportunity to amend their complaint.  See Opp'n 14-17.  Defendant opposes plaintiffs' request, arguing that plaintiffs do not claim that the amended complaint does not accurately set forth their allegations.  See Reply 3 n.2.

      Pursuant to RCFC 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  In Foman v. Davis, the United States Supreme Court explained that the mandate set forth in Rule 15(a) "is to be heeded."  371 U.S. 178, 182 (1962).  It explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Id.  Whether a court grants or denies a motion for leave to amend the complaint falls within its discretion, id., and a court "ought to exercise liberally its discretion to grant leave to amend," Wolfchild v. United States, 101 Fed. Cl. 54, 64 (2011); see also Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982) (explaining that Rule 15 of the Federal Rules

of Civil Procedure "evinces a bias in favor of granting leave to amend").  Nevertheless, leave to amend "should not be given automatically."  Chitimacha Tribe of La., 609 F.2d at 1163.  The existence of "any one" of the reasons articulated in Foman may justify denial of a motion for leave to amend.  Spalding & Son, Inc. v. United States, 22 Cl. Ct. 678, 680 (1991); accord Hays v. United States, 16 Cl. Ct. 770, 772 (1989) (noting that the criteria set forth in Foman "are in the disjunctive, i.e., satisfaction of one is sufficient to deny the motion"); see also Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258, 1261 (Fed. Cir. 1991); Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

The court concludes that none of the reasons set forth in Foman exists in this case. Affording plaintiffs an opportunity to set forth with greater clarity and precision the factual allegations that form the basis of their first cause of action is in the interest of justice.  When ruling on a motion for judgment on the pleadings, the court reviews only the pleadings, assumes plaintiffs' allegations are correct, and indulges in all reasonable inferences in their favor.  Atlas Corp. v. United States, 895 F.2d 745, 749 (Fed. Cir. 1990).  A more precise presentation of plaintiffs' factual allegations may further refine the issues at the summary judgment or trial stage of proceedings.

When determining whether it is appropriate to amend pleadings, courts must also assess whether the adverse party will be prejudiced by the proposed amendment, Tenneco Resins, Inc. v. Reeves Bros, Inc., 752 F.2d 630, 634 (Fed. Cir. 1985); accord Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971) ("[I]n deciding whether to permit such an amendment, the trial court was required to take into account any prejudice that [the nonmoving party] would have suffered as a result . . . ."); cf. Te-Moak Bands of W. Shoshone Indians of Nev., 948 F.2d at 1262 (noting that a determination of prejudice was deemed important in some, but not all, cases).  Undue prejudice "may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery."  Cooke v. United States, 79 Fed. Cl. 741, 743 (2007); see also Principal Life Ins. Co. v. United States, 75 Fed. Cl. 32, 33 (2007) (denying leave to amend where amendment "would undoubtedly set off a new waive [sic] of motions, if not require further discovery").  Here, defendant does not argue that amendment would cause prejudice.  To the contrary, amendment will clarify, rather than broaden, any claim of relief set forth in plaintiffs' first cause of action. Moreover, the parties have already completed discovery.  Accordingly, the court determines that defendant would not suffer prejudice if plaintiffs amend their complaint at this juncture.

For the reasons set forth above, it is hereby **ORDERED**:

1. Plaintiffs may, for the purpose of promoting greater clarity and precision, amend their amended complaint with respect to their first cause of action.  If plaintiffs amend their complaint, then they shall file a second amended complaint **by no later than Friday, February 24, 2012**.

2.  If plaintiffs file a second amended complaint, then defendant shall file its answer to the second amended complaint **by no later than Friday, March 30, 2012**.

s/ Margaret M. Sweeney<br>
MARGARET M. SWEENEY<br>
Judge