# In the United States Court of Federal Claims

No. 05-965 C
(Filed: July 26, 2012)

```
*****************************
CEBE FARMS, INC., and              *
JOSEPH CEBE,                       *
                                   *
              Plaintiffs,          *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
*****************************
```

**<u>ORDER</u>**

  Before the court is plaintiffs' motion for an order permitting amendment of certain denials in their responses to defendant's requests for admission ("motion").  Plaintiffs, invoking RCFC 36(b), request that the court grant them leave to amend and clarify certain denials because their denials indicate the extent to which they "mistakenly confused" certain questions.  Pls.' Mot. 1; accord <u>id.</u> at 3 (explaining that it is "clear" from their responses that they confused the breach of contract claims set forth in Counts I and II of their amended complaint).  Plaintiffs note uncertainty as to whether their motion is necessary but indicate they filed the motion out of an abundance of caution.[1]  Defendant contends that RCFC 36(b) applies to admissions, not denials, and that plaintiffs' motion should be denied as moot because they do not need leave from the court to amend denials.

  Withdrawal or amendment of admissions is governed by RCFC 36(b), which provides, in part:

> A <u>matter admitted</u> under this rule is conclusively established unless the court, on motion, permits thea dmission to be withdrawn or amended.  Subject to RCFC 16(e), <u>the court may permit withdrawal or amendment</u> if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

---

[1] Plaintiffs have also filed a supplemental submission that contains their proposed amended responses.  <u>See</u> Pls.' Supplemental Submission Supp. Pls.' Mot. App. A.

RCFC 36(b) (emphasis added).  The plain language of RCFC 36 demonstrates that the rule applies only to a matter admitted.  Id.; 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2264 (3d ed. 2010).  In this case, plaintiffs do not seek to amend an admission.  Consequently, RCFC 36(b) has no application.

      Amendments to plaintiffs' responses properly fall under RCFC 26(e).  See id. ("[T]here is no problem in applying Rule 26(e) if the initial response to a request for admissions was something other than an admission.").  RCFC 26(e)(1) requires a party to supplement or correct, among other things, a response to requests for admission "in a timely manner if the party learns that in some material response the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  RCFC 26(e)(1)(A); see also Republic Sav. Bank v. United States, 57 Fed. Cl. 73, 75 (2003) (explaining that parties have "an ongoing duty to supplement and amend denials to a request for an admission" under RCFC 26(e)).  RCFC 26(e) "creates a duty to amend," and the party amending a response in accordance with RCFC 26(e) "need not obtain leave of the court."  Wright & Miller, supra, § 2264; cf. RCFC 36(b) (requiring the court's leave to amend an admission).

      While defendant argues that plaintiffs' motion is moot because plaintiffs already satisfied their duty pursuant to RCFC 26(e)(1)(A) and need not obtain leave of the court to amend a denial, Def.'s Resp. 2, the court need not deny the motion.  See, e.g., Republic Sav. Bank, 57 Fed. Cl. at 76 (granting in part a motion to amend certain denials to requests for admission).  Here, plaintiffs endeavor to correct what they describe as an "inadvertent mistake" that they assert was "obvious," Pls.' Mot. 3, in light of "what has already been submitted as . . . proofs in this matter," id. at 4.  The court declines to deny plaintiffs' motion because they elected to correct their denials–and fulfill their obligation under RCFC 26(e)(1)(A)–by filing amended denials as part of a supplemental submission in support of their motion.  See Pls.' Supplemental Submission Supp. Pls.' Mot. App. A.  Accordingly, the motion is **GRANTED**.

      As the court in Republic Savings Bank observed, defendant may contest the facts presented in plaintiffs' amended responses in a dispositive motion or at trial.  57 Fed. Cl. at 76.  Since cross-motions for summary judgment are currently pending, the parties shall file a joint status report **by no later than Friday, August 24, 2012**, indicating whether supplemental briefing is necessary in light of plaintiffs' amended denials and, if so, proposing a supplemental briefing schedule.

      **IT IS SO ORDERED.**

                                                  s/ Margaret M. Sweeney
                                                  MARGARET M. SWEENEY
                                                  Judge